DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
District of Nevada
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5037
Las Vegas, Nevada 89101
(702)   388-6336/Fax: (702) 388- 6418

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>              )<br>     Plaintiff,     ) | 2:13-cr-00343 |
| ) | |
| vs.      ) | **JOINT DISCOVERY** |
| ) | **AGREEMENT** |
| DEMARCUS DARRELL HOPKINS,  ) | |
| ) | |
| Defendant.   ) | |
| ) | |

Pursuant to LCR 16-1(b)(1) of the Local Rules of Practice for the District of Nevada, the United States, by and through the United States Attorney for the District of Nevada, and the defendant, by and though the undersigned counsel, agree as follows.

### Statement of Intent

The purpose of the Joint Discovery Agreement is to provide a predictable framework for pre-trial disclosure of information, to establish a method for resolution of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of cases.  The Joint Discovery Agreement is not intended to create remedies not otherwise available to the parties under the U.S. Constitution, statute or the Federal Rules of Criminal Procedure.  Nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

## Discovery Schedule

A. No later than **10 days** after defendant's arraignment, the government will disclose:

    1. All statements, documents, and objects, including audio or video recordings, required to be disclosed under Rules 16(a)(1)(A)-(F), Federal Rules of Criminal Procedure.

    2. All search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial.

    3. All police or investigative reports that relate to the charges in the Indictment, except for reports, memoranda, or other internal government documents that relate to interviews of prospective witnesses.

B. No later than **45 days** after arraignment and plea the government will disclose any reports or memoranda of interviews of witnesses the government intends to call in its case in chief.

C. No later than **30 days** before trial:

    1. All parties will provide expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C), Federal Rules of Criminal Procedure.

    2. Defendant will disclose all documents, objects, and reports of examination required under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure.

    3. Defendant will provide notice of any defenses under Rule 12.1, Federal Rules of Criminal Procedure.

D. No later than **10 days** before trial:

   1. The parties will disclose any summaries, charts, or calculations, that will be offered at trial.

   2. The parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered at trial.

   3. The government will disclose any statements of witnesses under Title 18, United States Code, Section 3500.

   4. The defendant will disclose any statements of witnesses the defendant intends to call at trial.

E. Any party withholding the disclosure of items subject to this agreement will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

## Limitations

The parties agree that the disclosure deadlines set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time the obligation to disclose arises. Nothing in this agreement is intended to relieve either party of the continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the United States Constitution. Further, nothing in this agreement is intended to limit, or in any way affect, the determination of admissibility of evidence at trial or otherwise restrict or expand the remedies available to the Court for any breach of disclosure obligations as set forth in Rule 16(d).

### Duty to Resolve Discovery Matters Informally

The parties further acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court.   A breach of the duty to meet and confer, by either party, may serve as the basis to grant or deny any subsequent motion for appropriate relief made before the Court.

DATED this 30TH day of STEPTEMBER, 2013.
DANIEL G. BOGDEN
United States Attorney


____/s/_____              _____/s/_____
PHILLIP N. SMITH, JR.                                  RACHEL KORENBLAT
Assistant U.S. Attorney                                 Assistant Federal Public Defender for
District of Nevada                                          DEMARCUS HOPKINS